Findlay Refractories Co., Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, Respondent. Pennsylvania Compensation Rating Bureau, Intervenor.

Argued March 3, 1981, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and PALLADINO. Judges BLATT and WILLIAMS, JR. did not participate.

110

██

*William S. Clarke, Heher and Clarke,* for petitioner.

*David T. Kluz,* Assistant Attorney General, with him *Paul Adams* and *James R. Farley,* Assistant Attorneys General, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

*Robert L. Pratter,* with him *Barbara Adams, Duane, Morris and Heckscher,* for intervenor.

OPINION BY JUDGE MACPHAIL, March 27, 1981:

This appeal is before us under the provisions of 42 Pa. C. S. §763 relating to direct appeals from government agencies. In such appeals it is obligatory upon the appellant to include in its petition reference to the order or other determination sought to be reviewed. Pa. R.A.P. 1513. In the instant case, the Appellant's petition contains the following allegation:

> To date, the Respondent has either (i) failed to act on Petitioner's Petition (to reinstate Intervenor Status and to Intervene), or (ii) denied the Petition. (Parenthetical language added.)

The record before us consists of an exchange of correspondence among counsel for Appellant, counsel for the Insurance Department (Department) and counsel for the Pennsylvania Compensation Rating Bureau (Bureau), an excerpt from proceedings before a

Department examiner and an order of the Insurance Commissioner removing the Appellant as an intervenor in proceedings identified as Docket No. R79-7-5.

We will reconstruct as best we can the proceedings up to this point from the briefs and oral arguments of counsel and the limited record.

At issue is a proposed new classification of risks for the establishment of premium rates for workmen's compensation insurance under the provisions of Section 654 of the Insurance Company Law of 1921 (Law), Act of May 17, 1921, P.L. 682, *as amended*, 40 P.S. §814. Appellant is engaged in the manufacture of refractory brick. It also "finishes" refractory brick. Early in 1979, the Bureau proposed that employers who finish refractory products be placed in a new classification 515.[1] This proceeding was identified by the Department as Rate Filing Proposal C-248 (hereinafter referred to as C-248). Apparently, Appellant filed an application with the Department to intervene in those proceedings. A hearing was convened with respect to that filing but it was concluded rather abruptly when it appeared that the Bureau had withdrawn that portion of its filing which proposed the creation of the new classification.

Next, it appears that the Bureau moved to remove Appellant as an intervenor in that proceeding. That motion was answered by the Appellant but was granted by the Insurance Commissioner on October 3, 1979. No appeal was taken from that order (which is the only order in the record before us) nor from the result of the proceedings relative to C-248.

Here we pause to note that that part of Appellant's present appeal which requests reinstatement of its intervenor status in C-248 must be denied for the ob-

---

[1] It seems to be conceded that Appellant is the only employer in Pennsylvania who would fall within such a classification.

vious reasons that that proceeding has been terminated and no timely appeal has been filed.

To continue the narrative of the procedural posture of this case, on December 3, 1979, the Bureau again proposed a classification 515 and the notice of this filing was advertised in 9 Pa. B. 4238 (1979). The new filing was identified as C-251 (hereinafter referred to as C-251).

On January 2, 1980, the Bureau received Appellant's "Petition to Reinstate Intervenor Status and to Intervene." There follows in the record an exchange of letters among counsel for the Appellant, counsel for the Bureau and the Assistant Attorney General representing the Insurance Commissioner. The net result of this correspondence was that Appellant was advised that (1) since no action had yet been taken with respect to the proposed new classification, its petition would be considered a written objection receivable by the Department in accord with the notice published in the Pennsylvania Bulletin and (2) having considered the written objection and no request for a hearing having been made, the proposal was deemed approved by the Department "pursuant to the note contained at 40 P.S. §814, 1979-1980 Supp."[2] Appellant was further advised that there was nothing pending before the Commissioner for which a hearing could be scheduled. Appellant's petition for review with this Court followed.[3]

---

[2] Section 16 of the Act of December 5, 1974, P.L. 782, 40 P.S. §814 note (Supp. 1980-81).

[3] Preliminary motions before this Court and orders entered with respect to the same include the following: (1) Motion to Dismiss for Mootness — denied; (2) Application for Relief — granted to the extent that the Department should not disturb class 515 "whatever its status may be"; (3)Motion for Protective Order or to Quash Subpoena — quashed; and (4) Motion for Voluntary Remand for Hearing by the Department and *opposed* by the Appellant — denied.

Assuming that the letter of the Assistant Attorney General to counsel for Appellant dated February 21, 1980 constitutes an appealable order, an assumption we make *solely* for the purpose of ending this marathon race which seemingly has no finish line, we hold that Appellant's appeal must be denied with respect to the denial of its petition to intervene in the proceedings at C-251.

Giving maximum benefit to Appellant's argument, it appears that the contention is that the Department had no right to deem the classification approved because the statutory note relied upon pertains to rate changes. While the answer to that issue may be intriguing, it is not controlling and therefore we will not decide it. Appellant next contends that since the notice published in the Pa. Bulletin was addressed to "interested parties" and it was not a "party," it had a right to have its petition to intervene accepted in order that it could be a party. The quick answer to that argument is that since there was only a *proposal* to the Department, there were no "parties" in the sense of party-litigants because there were no proceedings pending before the Commissioner. The clear intent of the notice in the Pa. Bulletin was to give *anyone* who was interested the right to comment, suggest or object to the proposed new classification. In our opinion Appellant received more than it deserved when its "petition" was accepted and considered as a written objection.

Appellant also contends that the Bureau had no standing to file the proposed classification at C-251 because in fact the Bureau had made two filings of classifications within one year. This, argues the Appellant, is violative of that portion of Section 654 of the Law which provides in pertinent part that the classification of risks, underwriting rules, premium rates and schedule or merit rating plans for insurance

of employers and employees under the Workmen's Compensation Act "shall be proposed annually" by the Rating Bureau. Whether or not the proper construction of that language is to prohibit the Bureau from making more than one proposal each year will not control the ultimate result in the case now before us and therefore we do not decide it.

Finally, Appellant argues that the Bureau failed to submit to the Department any evidence to support the creation of Class 515. This allegation demonstrates that Appellant misconstrues both its procedural rights and the rate making process. The pertinent part of Section 654 of the Act which is applicable here reads, as follows:

> The classification of risks, underwriting rules, premium rates and schedule or merit rating plans for insurance of employers and employees under such acts, shall be filed with, and shall be subject to review by the insurance commissioner, and the insurance commissioner shall by order modify, amend or approve the same. Any person, corporate or otherwise, aggrieved by such order, classification, rule, rate or schedule issued by the insurance commissioner may obtain a review thereof before the insurance commissioner.

It is apparent that two elements must be present before the Insurance Commissioner is obliged to review his action. First, it must appear that the person seeking the review has been aggrieved by the action of the Insurance Commissioner and, second, there must be an order classification, rule, rate or schedule extant approved or adopted by the Insurance Commissioner. In the instant case, it is nowhere alleged that the Appellant has been assigned to Classification 515. Moreover, until a premium rate is assigned to that classification, neither Appellant nor any other

employer can validly contend that it has been aggrieved even though it may have been assigned to that classification. In the instant case, no premium rate has been assigned to the proposed classification.[4] When and if Appellant is assigned to the new classification and when and if the Department adopts a premium rate assigned to that classification, Appellant *may* have some status *at that time* to appeal from the order of the Commissioner.[5]

For the foregoing reasons the instant appeal must be denied and the action of the Department and/or Bureau in denying Appellant's petition will be affirmed.

## ORDER

AND Now, this 27th day of March, 1981, the appeal of Findlay Refractories Co. is denied and the decision of the Insurance Department denying the petition of Findlay Refractories Co. to reinstate intervenor status and to intervene is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON.

---

[4] The final irony in this case is a note in the Bureau's brief indicating that the new classification can *not* be rated for premium at this time!

[5] Appellant claims it is self-insured for workmen's compensation liability, a fact not admitted by the Bureau. If, in fact, it is self-insured and is not paying workmen's compensation insurance premiums, Appellant would be hard-pressed to show standing to contest premium rates which it would not be obligated to pay. The denial of Appellant's application to the Department of Labor and Industry to self-insure its workmen's compensation liability is presently on appeal to this Court.